```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

FILED 2001 DEC 20 PM 1:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 20 2001

```
FRANCES RALSTON, et. al.,   )
                            )
    Plaintiffs,             )
                            )
                            )
v.                          )
                            )   CIVIL ACTION NO.
BROOKWOOD MEDICAL CENTER,   )
                            )   00-AR-2761-S
    Defendant.              )




JAY L. CROFT,               )   CIVIL ACTION NO.
                            )
    Plaintiff,              )   99-AR-1403-S
                            )
                            )
v.                          )
                            )
BROOKWOOD MEDICAL CENTER,   )
                            )
    Defendant.              )
```

## MEMORANDUM OPINION

Before the court is the motion of defendant, Brookwood Medical Center, ("Brookwood"), for summary judgment in these consolidated actions filed by plaintiffs, Jay L. Croft, ("Croft"), Croft's wife, Frances Ralston, ("Ralston"), and their daughters Jennifer Polhemus, ("Polhemus"), and Charlotte Croft,

30

("Charlotte").  Plaintiffs originally prayed for relief under the Americans with Disabilities Act, ("ADA"), the Rehabilitation Act ("RA") and under Alabama law for invasion of privacy.  Plaintiffs have conceded that their ADA claim is barred by the settlement reached in the class action *Access Now, Inc. v. AMH CGH, Inc.*, No. 98-3004 (D.S. Fl. July 12, 2000)(Order granting pl.'s mot. for class certification).  Only the RA claim and privacy claim remain to be disposed of.

### Material Undisputed Facts

Croft and Ralston are deaf.  Their daughters can hear and speak.  They are also proficient in sign language.  On September 29, 1998, Croft was emergently taken to Brookwood where he was operated upon on October 1.  He was released on October 7 and has returned to Brookwood frequently for outpatient care.  During his nine-day stay, on some occasions when hospital employees, including doctors, tried to communicate with Croft and/or Ralston, the hospital did not provide an interpreter.  On these occasions, the Brookwood employee spoke to Croft or Ralston through Charlotte and Polhemus.

2

**Discussion**

Brookwood maintains that because the *Access Now* settlement addresses all of the wrongs complained of under the RA portion of the plaintiffs' complaint, the settlement bars not only the ADA claim but also the RA claim. Plaintiffs disagree, contending that because the settlement covers claims that "arise[] under Title III of the ADA," it applies only to the ADA claims in this action.

The *Access Now* class consisted of people who are disabled by many impairments, including deafness. By reason of their deafness, Croft are Ralston are members of this class and are bound by the settlement decree, just as if they had been named plaintiffs or had brought the action themselves. The effect on the parties is no different than if the case had been styled *Croft and Ralston v. Brookwood*.

"A judgment in a prior action will preclude another action based on the same facts and asserted injury even though the subsequent action asserts a different legal theory to justify recovery." 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 131.21 (3d ed. 1999). The facts and asserted injury in the instant action are the same as in the *Access Now* action. *Access Now* was filed to remedy access problems at many hospitals, including Brookwood. "Access" is the gravamen of the instant action. Croft, Ralston, and their classmates, could have included an RA

claim in their *Access Now* action.  If Croft and Ralston wanted to assert an RA claim, the time and place to assert it was during *Access Now*, not in some later, separate action.  The settlement that Croft, Ralston and others reached with Brookwood during *Access Now* governs the administration of complaints over all handicap accessibility issues.  Croft and Ralston, through their participation in *Access Now*, agreed to pursue similar grievances with Brookwood under the scheme detailed in the settlement agreement in that case.  This court will not upset nor amend that plan.  Because Croft's and Ralston's RA claims are precluded by their participation in *Access Now*, even though that participation may have been passive, they are barred.

    Neither Polhemus nor Charlotte is deaf.  Neither suffers from any other disability.  Therefore, they are not members of the *Access Now* class, and any RA claims they may have are not precluded by the settlement agreement.  However, "[t]o state a claim under the Rehabilitation Act, a plaintiff must show that he or she is handicapped." *Partlow v. Runyon*, 826 F. Supp. 40, 43 (D.N.H. 1993).  The very hearing ability which protects them from the *Access Now* bar vitiates their ability to bring an RA claim.  Because they cannot maintain an action under the RA, Brookwood's motion for summary judgment is due to be granted as to Charlotte's and Polhemus's RA claims.

    Remaining are the Alabama state law claims for invasion of

4

privacy.  Alabama law provides four avenues of recovery for invasion of privacy.  Plaintiffs seek to recover under the "giving publicity to private information about the plaintiff that violates ordinary decency."  (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J. at 13, *quoting Johston v. Fuller*, 706 So. 2d 700,701 (Ala. 1997)).  When deciding a summary judgment motion, the court must consider all evidence in a light most favorable to the non-moving party, and the court will do so here.  Only by viewing the evidence in this light, and stretching it to the limit, could this court conclude that a jury could find that the communicated information, which dealt with an abnormality of Croft's penis, violates the ordinary standards of decency.  The question upon which Brookwood's motion for summary judgment regarding this claim stands or falls is whether Brookwood gave publicity to the allegedly indecent information.

    According to Charlotte, a hospital employee, while inappropriately using Charlotte as an interpreter, disclosed to Charlotte that the surgeons were having trouble inserting a catheter into the urethra.  Ralston, but not any hospital employees, then disclosed the details of Croft's peculiarity to her daughters.  Even if the court were to agree with plaintiffs' assertion that disclosing the information "in a post-operative recovery room with all those people around" amounted to giving publicity, it was Ralston, and not the hospital, who told

Charlotte and Polhemus about their father's deformity. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J. at 14). If Croft wants to sue anyone for disclosing the information, Ralston, not Brookwood, would be the proper target. Because Brookwood did not disclose the allegedly scandalous information to anyone, and not because hospitals are in the business of dealing with and explaining sometimes unpleasant medical conditions and procedures, its motion for summary judgment is due to be granted on the invasion of privacy claim.

For the reasons stated above, the motion for summary judgment filed by Brookwood is due to be granted, and will be by separate order.

DONE this 20th day of December, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE